BERTHA E. MAURER,

*vs.*

INTERNATIONAL RE-INSURANCE CORPORATION, a corporation organized and existing under the laws of the State of Delaware.

*New Castle, January 8, 1953.*

*William Prickett*, petitioner, pro se.

*Arthur G. Logan*, for receivers.

SEITZ, Chancellor: ■ ■ Petitioner, William Prickett, Esq., seeks an allowance for attorney's fees of $25,000. He seeks this payment on either or both of two theories, viz., his legal services assisted the court in determining the proper distribution of or created a fund of $125,000. However, the benefit was not actually that great because the claimants would have received a portion of this fund even though petitioner's efforts had been unsuccessful. The actual benefit to the class was about $98,000. Without narrating the many services performed in this court and in the Supreme Court[1] I think a fee of $25,000. is substantial but still within the range of reason. It will be allowed. I further conclude that it is proper to view the matter from the point of view that petitioner created a fund.

Mr. Prickett did not represent all the members of the class which benefited through his efforts. One of those represented paid him a fee and the others were on a contingent fee basis. Since the fund has been distributed and since Mr. Prickett's clients have received their share it is fair to assume that he has received all that he bargained for from his clients. If not the appropriate amount will be paid.

■ Realizing that some adjustment would be in order if this court should grant his application, he suggests that if his application is granted he will credit each claimant represented by him, against the fee to be paid by them to him, the amount by which the dividend of each is diminished by any allowance made him. The receivers object to this method. I conclude that the method is not proper.

I think it easier to view this matter as though the fund in-

---

[1] See *Maurer v. International Re-Insurance Corp.*, 32 *Del.* 61, 447, 86 *A.2d* 360.

volved in the litigation in question was still in court. Petitioner's efforts as attorney benefited all those entitled to participate and not just those represented by him. I think it fair that each participant should bear his proportionate share of the fee. This can be accomplished in the following manner:

The $25,000. fee here allowed will be allocated among petitioner's clients. Each will receive a sum based on the proportion that his claim bears to the total claims of petitioner's clients.

If the compensation received or to be received by petitioner from a client pursuant to his private arrangement is less than that portion of the $25,000. fee which is properly chargeable to such client, the petitioner will, on proper showing, be entitled to such differential from that share.

Both sides agree that for convenience it will be easier to make the payment of $25,000. from the so-called general fund. Any inequities resulting from this approach will be so small as to be *de minimis*. The payments will, therefore, be made from the general fund.

Order on notice.