BERTHA E. MAURER,

*vs.*

INTERNATIONAL RE-INSURANCE CORPORATION, a corporation organized and existing under the laws of the State of Delaware.

*New Castle, April 10, 1953.*

*William Prickett*, Wilmington, for petitioners.

*Arthur G. Logan*, Wilmington, for receivers.

SEITZ, Chancellor: This is the decision on the petition of certain insurance companies seeking *pro tanto* reimbursement for the costs of certain successful litigation.

Largely through the efforts of their attorney the petitioners created a fund of about $98,000 for distribution to a class of claimants of which they were the principal members. By private arrangements with their attorney they have already paid him fees in excess of $29,000. They now petition for appropriate reimbursement in the sum of $25,000 from the proper receivership funds. The receivers oppose the application. Since this court has an independent duty to pass upon the appropriateness of the application even though no creditors have objected, I find the receivers' action helpful.

In order to understand this matter some background is necessary. This petition is a sequel to a petition filed in June of 1952

by the petitioners' attorney on his own behalf. That petition was considered by this court to be in effect an application by the present petitioners for reimbursement. This court, having found that the attorney had already received more than the amount of the application, directed that the allowance be paid to his clients.[1] The attorney appealed the order in so far as the direction to pay the money to his clients was concerned on the ground that this court misconstrued the theory of the petition,[2] and the receivers cross-appealed on the ground that the petition should have been disallowed. The Supreme Court pointed out that the petition was not on behalf of the clients for reimbursement as this court construed it, but was by the attorney solely on his own behalf for additional compensation.[3] The court directed that the prayer of the petition should be denied because the clients had not applied for reimbursement and petitioner was not entitled to additional compensation.

After the Supreme Court decision the present petition was filed. The present petitioners had notice through their attorney that this court desired all applications for fees to be filed promptly so that the notice to be sent interested parties would contain a reference thereto. Yet the present petitioners filed no petition seeking reimbursement for attorney's fees. It is also important to note that the present petitioners were fully aware of their present attorney's appeal and the theory thereof. Thus they tacitly consented to an appeal from a decision which had reimbursed them—the very objective of their application here.

The receivers urge that the petition should be denied because of the petitioners' laches. There can be no doubt that a petition of the present type could and should have been filed promptly, in accordance with this court's direction to the present petitioners' attorney. It is also important to note that the present petition and the now vacated petition of the attorney could both have existed side by side without any inconsistency in the theories upon

[1] *Maurer v. International Re-Insurance Corp., supra p.* 383, 93 *A.2d* 919.

[2] This court can only surmise the reason why the attorney did not point out the misconception by way of a motion for reargument. Certainly it should have been done.

[3] *Maurer v. International, supra p.* 456, 95 *A.2d* 827.

which they were based. They are not requests which duplicate each other. Moreover, and of vital importance, the present petition does not seek reimbursement to an extent which would be beyond the amounts which they have already paid him. Thus it cannot be said that the present petition embraces the claim for additional compensation heretofore filed by their attorney on his own behalf.

Since the present petitioners knew of their attorney's petition and the correct theory of it and since they are charged with notice that the court desired all petitions to be filed promptly in order that notice thereof could be sent in connection with the hearing to provide for the final liquidation, it is apparent that their delay in presenting the present petition seriously interferes with the proper winding up of the receivership.

■ Petitioners suggest that no notice of this type of application need be sent, but I consider that a matter within the court's discretion. I felt, and still feel, that reference to all petitions for final allowances in this receivership should have been contained in the notice—all were. It is important to note that the Supreme Court concluded that the reference in the notice to the petition of the present petitioners' attorney clearly referred only to the theory of additional compensation, not reimbursement. Consequently, it was not notice of the present petition.

Petitioners' attorney suggests that it was agreed in a conference with the court that he was not to be prejudiced on account of the receiver's delay in sending out notice or making distribution before his application had been disposed of. It is obvious that there has been no prejudice to the attorney's application except the unfortunate consequences flowing from the Supreme Court's holding that it had no merit. But he suggests that none of the parties could foresee the scope of the Supreme Court's opinion. And I have already noted, there is nothing in the Supreme Court's opinion on the appeal from this court's decision on his petition which can be said to throw any new light on the theory of the present petition. I repeat, the present petition does not embrace the claim asserted in the earlier petition.

■ I conclude that petitioners' application should be denied

because of their laches. They permitted an undue length of time to elapse after they were advised through their attorney that all petitions for compensation should be filed so that notice thereof could be sent to interested parties. Their delay has been prejudicial because I feel that all interested parties should receive notice of this petition for substantial fees. In view of the Supreme Court's construction of the notice, petitioners' attorney "talks out of both sides of his mouth" when he now asks this court to consider the earlier notice, which I misconstrued, to be sufficient notice of the present petition. A further prejudice is the fact that this court has, after notice, granted allowances and adjusted many other items on a time schedule basis so as to permit an early winding up of the receivership. To send further notice would be expensive and would unduly delay final distribution of a substantial sum of money.

The petitioners' application for reimbursement is denied.

Order on notice.